UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

**08 CV 5699**

KIC HOLDINGS, INC.,

              Plaintiff,

-against-

MSC "BUSAN", her engines, boilers, etc.
and MEDITERRANEAN SHIPPING
COMPANY S.A.

              Defendants.

------------------------------------------------------X

**VERIFIED COMPLAINT**

08 CIV



## AS AND FOR A FIRST CAUSE OF ACTION

1. This is a case of contract, cargo damage and non-delivery of cargo, civil and maritime and is an admiralty and maritime claim within the meaning of the Rule 9(h). Plaintiff invokes the maritime procedures specified in Rule 9(h).

2. Plaintiff, KIC HOLDINGS, INC., is a legal entity organized under the law, with an office located at 3800 N.W. Fruit Valley Road, Vancouver, Washington 98660. Defendant, MEDITERRANEAN SHIPPING COMPANY S.A. is a legal entity organized under the law, with an agent, MSC USA, INC., located at 420 Fifth Avenue, New York, New York 10018.

3. During all times herein mentioned, defendant was the owner and/or operator of the MSC "BUSAN" and operated it in the common carriage of goods by water for hire between Xingang and Long Beach/Minden, Louisiana.

4. The MSC "BUSAN", is now or during the pendency of this action will be, within this District.

5.  On or about November 25, 2006 FM Trailer Master Co. Ltd/Fastgrow Logistics, Inc. delivered a shipment of 240 packages of brake parts to defendant, as a common carrier at the port of Xingang in good condition, for transportation on board the MSC "BUSAN" to Long Beach/Meriden, Louisiana, in consideration of an agreed freight and pursuant to the valid terms and conditions of a clean on-board bill of lading issued by defendant and the MSC "BUSAN".

6.  Defendant caused said goods, still in good order and condition to be laden on board the MSC "BUSAN". Upon information and belief, on or about December 20, 2006 the MSC "BUSAN" arrived at Long Beach and discharge said cargo into the custody of a railroad who transported the container and its cargo to Houston, Texas. At Houston the container and the cargo was delivered to a trucker for delivery to plaintiff at Minden, Louisiana.

7.  Upon information and belief, during the truck transportation from Houston to Minden, Louisiana near the city of Lufkin, Texas, the truck and the container overturned on the road.

8.  Upon information and belief, the container and its cargo were taken by another truck or tow truck to an unknown location.

9.  Plaintiff was advised by defendant, MSC, on July 23, 2007 by e-mail from Massimo Paternoster, that the cargo would be delivered "without any further delay".

10. The above described container and its cargo were never delivered to plaintiff.

11. Prior to December 20, 2006, plaintiff became for value the owner of said shipment and the owner and holder of said clean on board bill of lading and bring this suit on its own behalf and that of all others interested in said shipment.

2

12. All conditions precedent required of plaintiff and of all others interested in said shipment have been performed.

13. By reason of the premises, plaintiff and those on whose behalf this suit is brought have sustained damages in the sum of $30,000.00, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiff repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15. Defendant, MSC took custody of the container and cargo described herein from the tow truck company after the incident described in paragraphs 7 and 8 above.

16. MSC has never delivered the container and its cargo to plaintiff although plaintiff has made repeated demands.

17. By its actions, MSC has converted plaintiff's cargo to its own use and benefit.

18. By reason of the premises, plaintiff and those on whose behalf this suit is brought have sustained damages in the sum of $30,000.00, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

**WHEREFORE**, plaintiff prays:

1. That the MSC "BUSAN" be arrested;

2. That process issue against defendant MEDITERREAN SHIPPING COMPANY S.A. and that defendant be cited to appear and answer the allegations of the complaint;

3. That an interlocutory judgment be entered in favor of the plaintiff against the MSC "BUSAN", against defendants directing that the plaintiff recover it damages

3

and that the MSC "BUSAN", be condemned and sold and the proceeds of sale be applied to the payment to plaintiff of the sums found due it;

4. That the amount due plaintiff be computed by further proceedings before a Magistrate, pursuant to Rule 53(b) and/or by further proceedings before the Court, pursuant to Rule 42(b);

5. That final judgment against defendant and the MSC "BUSAN", be entered in favor of the plaintiff for the amount found due plaintiff with interest and with costs; and

6. That plaintiff have such other and further relief as may be just.

Dated: New York, New York
June 20, 2008

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

By _____
William R. Connor III (WC-4631)
Wall Street Plaza
88 Pine Street
New York, New York 10005
212-376-6400

STATE OF NEW YORK    )
                     : S.S.
COUNTY OF NEW YORK   )

WILLIAM R. CONNOR III, being duly sworn, deposes and says:

I am a member of the firm of McDermott & Radzik, LLP. attorneys for the Plaintiffs in this action.

I have read the foregoing Verified Complaint, know the contents thereof, and the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are documents in the possession of my firm.

_____
William R. Connor III (WC 4631)

Sworn to before me this
23rd day of June, 2008

_____
Notary Public

LORI J. QUINN
Notary Public, State of New York
No. 01QU5062709
Qualified in Nassau County
Commission Expires July 1, 20_10_