LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KIC HOLDINGS, INC.,                                               **ECF CASE**

               Plaintiff,                              08 Civ. 5699 (RJS)

   - against -

MSC "BUSAN", her engines, boilers, etc.                           **ANSWER TO**
And MEDITERRANEAN SHIPPING                                        **COMPLAINT**
COMPANY S.A.

               Defendants.
-----------------------------------------------------------------x

      Defendant MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC"), by its attorneys, Lyons & Flood, LLP, answering plaintiff's Complaint, alleges upon information and belief as follows:

      1.    Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    Admits that MSC is a legal entity and admits that Mediterranean Shipping Company (USA), Inc. has an office located at 420 Fifth Avenue, New York, New York 10018, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Admits that MSC was the operator of the MSC "BUSAN" and operated it in the common carriage of goods by water for hire between Xingang, China and Long Beach, California.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 4 of the Complaint.

5. Admits that a shipment said to contain 240 packages of brake parts was transported by MSC as a common carrier from Xingang, China to Long Beach, California aboard the MSC "BUSAN," and that MSC issued a bill of lading in regard to this shipment, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6. Admits that on or about December 20, 2006 the MSC "BUSAN" arrived at Long Beach but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9. Denies, as worded, the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

14. MSC repeats and realleges the responses in Paragraphs 1 through 13 of this Answer, as if fully set forth herein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 16 of the Complaint.

17. Denies the allegation contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a cause of action upon which relief can be granted against answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

20. The Plaintiff has failed to file the Complaint within the applicable statute of limitations and its cause of action against answering Defendant is therefore time barred.

## THIRD AFFIRMATIVE DEFENSE

21. The Plaintiff is not the real party in interest and is not entitled to maintain this action.

## FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff lacks standing to assert this claim.

## FIFTH AFFIRMATIVE DEFENSE

23. Any loss or damage to the goods, as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vice of the goods, or insufficiency of packing or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third-parties and not by MSC.

## SIXTH AFFIRMATIVE DEFENSE

24. The cargo which is the subject of this suit was carried pursuant to the terms and conditions of certain bills of lading and applicable tariffs by which the shipper, owner and consignee agreed to be bound, and was also subject to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and/or the Harter Act, 46 U.S.C. § 190, et seq. and/or any other federal, state, or foreign laws and MSC claims the benefits of all rights, immunities, exonerations, and limitations contained therein, including all of the terms contained in MSC's bill of lading.

## SEVENTH AFFIRMATIVE DEFENSE

25. The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If Plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per package or

customary freight unit, in accordance with the governing tariff and bill of lading, and as set forth in COGSA and/or the Harter Act.

### EIGHTH AFFIRMATIVE DEFENSE

26. Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments. Any loss or injury or damage alleged to have been suffered by the shipment was due to neglect, an act or omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the Plaintiff, shipper, their agents or employees, or due to a cause or causes for which MSC is not liable or responsible by virtue of the provisions of COGSA, the Harter Act, or provisions of the applicable bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

### NINTH AFFIRMATIVE DEFENSE

27. If any loss or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss or damage was caused by or contributed to by the Plaintiff or third-parties, and not by MSC.

### TENTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to properly and fully mitigate its damages.

WHEREFORE, defendant MEDITERRANEAN SHIPPING COMPANY, S.A., requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
      July 9, 2008

                      LYONS & FLOOD, LLP
                      Attorneys for Defendant
                      MEDITERRANEAN SHIPPING COMPANY, S.A.

By: _____
      Edward P. Flood (EPF-5797)
      Lyons & Flood, LLP
      65 W 36th Street, 7th Floor
      New York, New York 10018
      (212) 594-2400

TO:   William R. Connor III
       McDermott & Radzik, LLP
       Attorneys for Plaintiff
       Wall Street Plaza
       88 Pine Street
       New York, New York 10005

U:\FLOODDOC\2549120\Legal\Answer.doc

## **CERTIFICATE OF SERVICE**

Erika Tax declares and states that:

    I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

    On July 9, 2008, I served true copies of the Answer to Complaint upon:

William R. Connor III
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: July 9, 2008

_____
Erika Tax

U:\FLOODDOC\2549120\Legal\Answer.doc